UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTEL KIRKLAND, JR.,

        Plaintiff,

v.                                        CASE NO. 11-10263
                                          HONORABLE GERALD E. ROSEN

J.S. WALTON, KEVIN TONEY,
and LT. DOLBER,

        Defendants.

_____/

## ORDER OF DISMISSAL

### I. Introduction

Plaintiff Martel Kirkland, Jr., an inmate at the Federal Correctional Institution in Milan, Michigan (FCI-Milan), has filed a *pro se* civil rights complaint. The defendants appear to be J.S. Walton, the warden at FCI-Milan, and two correctional officers: Captain Kevin Toney and Lieutenant Dolber. Because Plaintiff has sued federal officials for alleged violations of his constitutional rights, the Court construes his complaint as one brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L.Ed.2d 619 (1971).[1]

The complaint alleges that, on September 2, 2010, Plaintiff was placed in a

---

[1] In *Bivens*, the Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 66, 122 S. Ct. 515, 519, 151 L. Ed. 2d 456 (2001). A *Bivens* complaint is comparable to a suit brought under 42 U.S.C. § 1983 against state officials for violations of a plaintiff's federal constitutional or statutory rights. *Ashcroft v. Iqbal*, __ U.S. __, __, 129 S. Ct. 1937, 1948, 173 L. Ed. 2d 868 (2009); *Vector Research, Inc. v. Howard & Howard Attorneys, P.C.*, 76 F.3d 692, 698 (6th Cir. 1996).

special housing unit pending an investigation into an incident that he was not involved in and over which he had no control. Plaintiff claims that the investigation was fraudulent and that his confinement in a special housing unit violates his rights under the Fourteenth Amendment to the United States Constitution. He sues the defendants in their personal and official capacities for money damages. He also seeks to be transferred to another prison.

## II. Standard of Review

The Court has granted Plaintiff leave to proceed without prepayment of the fees and costs for this action. The Court may dismiss an indigent prisoner's civil rights complaint against governmental officials or employees if the complaint (1) is frivolous or malicious or fails to state a claim for which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32, 104 L. Ed. 2d 338 (1989).

While a complaint need not contain detailed factual allegations, "a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (citations omitted). Conclusory statements also will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955). "So, to survive scrutiny under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hill v. Lappin*, __ F.3d. __, __, No. 09-5575, 2010 WL 5288892, at *2 (6th Cir. Dec. 28, 2010)

(quoting *Iqbal*, 129 S. Ct. at 1949). To state a claim under *Bivens*, the plaintiff "'must identify a right secured by the United States Constitution and the deprivation of that right by a person acting under color of . . . law.'" *AirTrans, Inc. v. Mead*, 389 F.3d 594, 598 (6th Cir. 2004) (quoting *Watkins v. Southfield*, 221 F.3d 883, 887 (6th Cir. 2000) (quoting *Russo v. Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992)).

### III.  Discussion

Plaintiff's complaint is frivolous and fails to state a claim because he "possesses no inherent constitutional right to placement in any particular prison or in any particular section within the prison system." *Williams v. Bass*, 63 F.3d 483, 485 (6th Cir. 1995) (end citations omitted). "The mere fact of discipline or the imposition of sanctions in prison does not automatically trigger due process protections." *Id.* An incarcerated inmate's liberty interests generally are "limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484, 115 S. Ct. 2293, 2300, 132 L.Ed.2d 418 (1995). "[A]dministrative segregations have repeatedly been held not to involve an 'atypical and significant' hardship implicating a protected liberty interest without regard to duration." *Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998). "[U]nder *Sandin* a liberty interest determination is to be made based on whether it will affect the overall duration of the inmate's sentence . . . ." *Id.*

Records maintained by the Federal Bureau of Prisons on its official website, *see* www.bop.gov, indicate that Plaintiff's actual or projected release date is October 13, 2024. Because Plaintiff is serving a lengthy sentence, his detention in a special housing unit for approximately five months is not likely to affect the overall duration of his

sentence.  The United States Court of Appeals for the Sixth Circuit has determined that confinement in administrative segregation for longer periods of time is not an atypical and significant hardship.  *See Donald v. Voinovich*, 145 F.3d 1330 (6th Cir. 1998) (unpublished order affirming the decision to hold the plaintiff in administrative segregation for seven months for alleged misconduct in prison); *Merchant v. Hawk-Sawyer*, 37 F. App'x 143, 146 (6th Cir. 2002) (unpublished order holding that twenty-one months in a special housing unit did not give rise to a protected liberty interest under the Fourteenth Amendment because it was not an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life).

This Court concludes that Plaintiff's detention in a special housing unit for approximately five months is not an "atypical and significant hardship on [him] in relation to the ordinary incidents of prison life," *Sandin v. Conner*, 515 U.S. at 484, 115 S. Ct. at 2300, and does not implicate a liberty interest protected by the Due Process Clause. "Where an interest is not a protected one, there is no cognizable harm to the individual when deprived of that interest," *Orr v. Hawk*, 156 F.3d 651, 654 (6th Cir. 1998) (citing *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460, 109 S. Ct. 1904, 1908, 104 L.Ed.2d 506 (1989)), and no need to determine whether the procedures followed by correctional employees were constitutionally sufficient, *Swarthout v. Cooke*, __ S. Ct. __, __, No. 10-333, 2011 WL 197627, at *2 (U.S. Jan. 24, 2011).

### IV.  Conclusion

Plaintiff has failed to show that he is being deprived of a federal constitutional right, and the complaint contains factual averments, that, if true, fail to state a plausible claim to relief under the Fourteenth Amendment.  Consequently, the complaint is

summarily dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). If Plaintiff elects to appeal this decision, he may not proceed without prepayment of the fees and costs on appeal because an appeal would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

                                      s/Gerald E. Rosen
                                      Chief Judge, United States District Court

Dated: February 10, 2011

I hereby certify that a copy of the foregoing document was served upon Martel Kirkland, #15171-039, Milan Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 1000 Milan, MI 48160 on February 10, 2011, by ordinary mail.

                                      s/Ruth A. Gunther
                                      Case Manager